IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES P. RIDDLE, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-110-WKW |
| | ) | |
| JACKIE GRAHAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is a motion to dismiss filed by seven of the eight named Defendants: The Personnel Board of the State of Alabama, Jackie Graham, Joe N. Dickson, Faye Nelson, John Carroll, Jon D. Bargainer, and Joanne Randolph. (Doc. # 28.) Ms. Graham is the Director of the State Personnel Board, and the other five individual Defendants are the chairman and members of the State Personnel Board. Ms. Graham is sued in her individual and official capacities, and the Board chairman and members are sued in their official capacities alone. Plaintiff's claim against these Defendants, Count I, arises under the Alabama Administrative Procedure Act ("AAPA"), Ala. Code §§ 41-22-1, *et seq*. Plaintiff seeks judicial review of Defendants' decision to uphold his termination from state employment. Defendants argue that they are entitled to dismissal for two reasons. First, the Personnel Board believes that this court could afford Plaintiff no relief

unless it "substitute[s] its judgment for that of the agency," which the AAPA expressly prohibits a court from doing.  Ala. Code § 41-22-20(k).  Second, the Individual Defendants contend that they are not the proper defendants or respondents to a claim for relief under the AAPA.  Plaintiff opposes the motion. (Doc. # 32, 33.)  Defendants have replied.  (Doc. # 37.)

Upon consideration of the parties' arguments and the relevant law, the court finds that Defendants' motion to dismiss is due to be denied.

## I.  JURISDICTION AND VENUE

The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1367.  Personal jurisdiction and venue are uncontested.

## II.  STANDARD OF REVIEW

Defendants filed their motion to dismiss for failure to state a claim over one year after answering Plaintiff's complaint.  (*See* Docs. # 1 (Answer filed Feb. 27, 2013); # 29 (Motion filed Apr. 7, 2014).)  Thus, Defendants ignored Rule 12's requirement that "[a] motion asserting any of the[ 12(b)] defenses must be made before pleading."  Fed. R. Civ. P. 12(b).  *See also Leonard v. Enter. Rent a Car,* 279 F.3d 967, 971 n.6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims.  Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had

eschewed the option of asserting by motion that the complaint failed to state a claim for relief.").[1]

However, in the interest of judicial economy, the court will treat Defendants' untimely motion to dismiss as a Rule 12(c) motion for judgment on the pleadings. *See Keller v. Strauss*, 480 F. App'x 552, 554 n.2 (11th Cir. 2012) (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1307 n.13 (11th Cir. 2002)); Fed. R. Civ. P. 12(h)(2).

"Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008). "All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Id.*

### III. BACKGROUND

Not every fact alleged in the complaint is necessary for purposes of this opinion because Defendants' two arguments are legal in nature. It suffices to summarize the facts as follows: Plaintiff's employment was terminated by the Alabama Department of Conservation and Natural Resources ("DCNR"); Plaintiff appealed the determination and received a hearing before an administrative law judge ("ALJ"), who upheld the termination; and Plaintiff appealed his termination to the State Personnel Board, which also upheld the termination.

---

[1] Plaintiff did not object to the motion to dismiss as untimely.

Plaintiff filed this suit in the Circuit Court of Montgomery County. Defendants removed the action to federal court. Count I of the complaint is a petition for judicial review of the ALJ's and Personnel Board's decision. Plaintiff alleges that the decision (a) violated constitutional guarantees of due process and equal protection; (b) exceeded the agency's authority; (c) violated the agency's rules; (d) was made upon unlawful procedure; (e) was affected by error of law; (f) was clearly erroneous in view of the record evidence; and (g) was unreasonable, arbitrary, capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion. (Compl. at ¶ 37.)[2] Plaintiff requests an order setting aside and holding invalid the Personnel Board's determination.[3]

## IV. DISCUSSION

### A.   Whether Count I States a Plausible Claim for Relief under the AAPA

Defendants assert that under the AAPA, the Personnel Board's "order shall be taken as prima facie just and reasonable and the [reviewing] court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute." Ala. Code § 41-22-20(k). Defendants propose that in order to set aside the Personnel Board's

---

[2] The same seven grounds are those set out by the AAPA as the circumstances warranting a court to set aside or modify a state agency's decision. *See* Ala. Code § 41-22-20(k)(1)–(7).

[3] In Count II, Plaintiff complains that the DCNR denied him a full and fair hearing, due process, and equal protection. (*See* Compl. at ¶¶ 38–41.) This is presumably a claim against Gunter Guy, who is Commissioner of the DCNR. Count III is a claim that Mr. Guy and the DCNR wrongfully denied Plaintiff's claim that he suffered an on-the-job injury.

decision, "this court would have to substitute its judgment" for the judgment of the Personnel Board.  (Doc. # 29, at 2.)  Defendants claim that "[n]o further evidence may be considered" that has not already been considered by the Personnel Board, and "Plaintiff has failed to point to any error in law or fact that would support overturning the Board's order."  (Doc. # 29, at 6.)  Hence, Defendants argue, Plaintiff fails to state a claim under the AAPA.

Defendants' arguments are insufficient to support a Rule 12(b)(6) motion or a Rule 12(c) motion for judgment on the pleadings.  Only the pleadings are under scrutiny.  Plaintiff has pleaded a plausible request for judicial review pursuant to the AAPA,[4] and thus, Defendants' motion to dismiss Count I is due to be denied.

## B.   Whether the Individual Defendants Are Properly Joined

The Individual Defendants contend that they should be dismissed from this suit because they are not proper parties to a proceeding for judicial review under the AAPA.  Defendants cite the AAPA's provision that "[t]he petition for review shall name *the agency* as respondent . . . ."  Ala. Code § 41-22-20(h) (emphasis added).  Defendants cite case law from the Supreme Court of Alabama holding that the agency must be named in administrative appeals under the AAPA.  Here, of course, the Personnel Board is a named respondent.  The issue is whether the

---

[4]  *See* Ala. Code § 41-22-20(h) ("The petition for review shall name the agency as respondent and shall contain a concise statement of: (1) The nature of the agency action which is the subject of the petition; (2) The particular agency action appealed from; (3) The facts and law on which jurisdiction and venue are based; (4) The grounds on which relief is sought; and (5) The relief sought.").

director, chairman, and board members should be joined as well.  The cases cited by Defendants do not answer the question.

In response, Plaintiff cites *Ex parte Dickson*, 46 So. 3d 468 (Ala. 2010), and argues that the members must establish that they are entitled to state immunity or state-agent immunity to suit before they can be dismissed as parties.  *Dickson* did not involve a petition for relief pursuant to the AAPA.  Rather, it was a petition for a writ of mandamus from the Supreme Court of Alabama, filed by Personnel Board members requesting that a trial court be directed to dismiss claims against them for injunctive relief.  *Id.* at 471.  *Dickson* does not directly address Defendants' argument that they are improperly joined as parties to an AAPA claim.

Plaintiff further contends that the Individual Defendants cannot receive state-agent immunity from civil liability on an individual capacity claim

> (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
>
> (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000), *holding modified by Hollis v. City of Brighton*, 950 So. 2d 300 (Ala. 2006).  Plaintiff proceeds to explain how the Individual Defendants' actions may fall within these exceptions.  (*See* Doc. # 33, at 2–3.)  Plaintiff's arguments are irrelevant because, other than Defendant Gunter

Guy (who is not a party to the motion to dismiss), Plaintiff sues only Jackie Graham in her individual capacity.   (Compl. at ¶ 2.)   All other Individual Defendants who are movants are sued only in their official capacities.   (Compl. at ¶¶ 4–5.)   Furthermore, as the Supreme Court of Alabama explained in *Dickson*, "a suit for *injunctive relief* against a State official in his or her individual capacity would be meaningless . . . because State officials act for and represent the State only in their official capacities."   46 So. 3d at 474 (emphasis added).   Count I is, by its nature as an AAPA petition and as pleaded in Plaintiff's complaint, a request for injunctive relief under the AAPA.   (*See* Compl. at ¶ 37.)   Although Ms. Graham has not sought dismissal of the individual capacity claim for this reason, it would be proper.[5]

In the reply brief, Defendants appear confused by Plaintiff's statements in his brief that he has alleged that the Board's actions "denied him equal protection and due process."   (Doc. # 37, at 2 (citing Doc. # 34, at 2).)   Defendants assume that Plaintiff is contending that Count II is against the Board as well as against Mr. Guy, and they posit that Plaintiff is amending his complaint through argument. The actions of the Board, its director, or its members are not mentioned in the substance of Count II, (*see* Compl. at ¶¶ 39–41), and the court can only assume

---

[5] To narrow the issues before the court in future dispositive motions, the parties are encouraged to stipulate to dismissal of any claims where named defendants are clearly immune from suit.

that Plaintiff is referring to Count I and his complaint that the Board's decision violated constitutional provisions, namely due process and equal protection, (*see* Compl. at ¶ 37).  Defendants also contest Plaintiff's assertion that it failed to adopt a rule to permit their executive sessions, and Defendants present an argument on the merits about the legality of executive sessions.  (Doc. # 37, at 3 (citing Doc. # 34, at 3)).  These contentions are not the proper subject of a motion to dismiss for failure to state a claim.

Returning to the original question presented by Defendants' motion to dismiss – *i.e.*, the propriety of joinder of the Individual Defendants on Count I – the Individual Defendants do not furnish the court with any legal authority requiring their dismissal as defendants in their official capacities from Plaintiff's suit for review of an agency decision, and the court is unaware of any authority that either they have been misjoined or they must be disjoined.  Accordingly, the Individual Defendants' motion to dismiss is due to be denied.

## V.  CONCLUSION

In accordance with the foregoing analysis, it is ORDERED that Defendants' untimely motion to dismiss for failure to state a claim (Doc. # 28), treated as a motion for judgment on the pleadings, is DENIED.

DONE this 9th day of May, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE